

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Melissa M. Wangenheim*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 297-2074
Facsimile: (973) 645-3497

**RECEIVED**

DECEMBER 9, 2020

At: 8:30_____.m

WILLIAM T. WALSH

CLERK

MMW / PL AGRMT
2017R00680

May 21, 2020

Chad D. Seigel, Esq.
Tacopina Seigel & DeOreo
275 Madison Avenue, 35th Floor
New York, NY 10016

    Re:   Plea Agreement with Joseph Santiamo
           Criminal No. 20-1047-01 (MAS)

Dear Mr. Seigel:

    This letter sets forth the plea agreement between your client, Joseph Santiamo ("SANTIAMO"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 29, 2020 if it is not accepted in writing by that date.

Charges

    Conditioned on the understandings specified below, this Office will accept a guilty plea from SANTIAMO to a one-count Information, which charges him with conspiring to distribute and dispense, outside the usual course of professional practice and not for a legitimate medical purpose, mixtures and substances containing detectable amounts of Schedule II controlled substances, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.

    If SANTIAMO enters a guilty plea **and is sentenced to a term of imprisonment within the range of between 57 and 71 months on this charge (the "Stipulated Sentencing Range")**, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SANTIAMO for distributing and dispensing controlled substances outside the usual course of his own professional practice and not for a legitimate medical purpose from on or about January 1, 2012 through on or about May 3, 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of

this guilty plea does not remain in full force and effect, SANTIAMO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SANTIAMO may be commenced against him, notwithstanding the expiration of the limitations period after SANTIAMO signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in the Information to which SANTIAMO agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment, and a maximum fine of the greater of: (1) $1,000,000 or (2) twice the gross profits or other proceeds to SANTIAMO.

The sentence to be imposed upon SANTIAMO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence SANTIAMO ultimately will receive. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on SANTIAMO, the sentencing judge: (1) will order SANTIAMO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order SANTIAMO to pay restitution pursuant to 18 U.S.C. § 3663, et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; and (4) pursuant to 21 U.S.C. § 841, will require SANTIAMO to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed.

Should SANTIAMO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SANTIAMO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to SANTIAMO and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and SANTIAMO agree that a sentence of between 57 and 71 months' imprisonment is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence SANTIAMO to between 57 and 71 months' imprisonment. If however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, SANTIAMO has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SANTIAMO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SANTIAMO's activities and relevant conduct with respect to this case.

### Stipulations

This Office and SANTIAMO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or

legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SANTIAMO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

This Office and SANTIAMO agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. SANTIAMO further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

## Forfeiture

SANTIAMO agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, SANTIAMO will to forfeit to the United States, any and all property involved in, or traceable to, the violation of 21 U.S.C. § 846 charged in the Information. SANTIAMO further consents to the entry of a forfeiture judgment in the amount representing the proceeds he obtained as a result of committing the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate

4

...

the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Forfeiture Judgment"). Payment of the Forfeiture Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. SANTIAMO shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

SANTIAMO waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, SANTIAMO consents to the entry of a Consent Judgment of Forfeiture that will be final as to him prior to his sentencing. SANTIAMO understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of SANTIAMO's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. SANTIAMO hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

SANTIAMO understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SANTIAMO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SANTIAMO wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. SANTIAMO understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, SANTIAMO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SANTIAMO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against SANTIAMO.

No provision of this agreement shall preclude SANTIAMO from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SANTIAMO received ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between SANTIAMO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: _____
Melissa M. Wangenheim
Assistant U.S. Attorney

Approved:

_____
Nicholas Grippo
Deputy Chief, Criminal Division

6

  I have received this letter from my attorney, Chad D. Seigel, Esq. I have read it/it has been translated for me. My attorney and I have discussed it and all of its provisions, including those addressing the charges, venue, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_[signature]_         Date: May 22, 2020
Joseph Santiamo

  I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, venue, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_[signature]_         Date: 5/22/2020
Chad D. Seigel, Esq.

7

Plea Agreement with Joseph Santiamo ("SANTIAMO")

SCHEDULE A

This Office and SANTIAMO stipulate as follows:

1. The offense involved approximately 3,572.98 grams, or 3.572 kilograms of actual oxycodone. Pursuant to the analysis in comment 6 to U.S.S.G. § 2D1.1, one gram of actual oxycodone is equivalent to 6,700 grams of converted drug weight. See U.S.S.G. § 2D1.1, cmt. 8(D). This amount shall be considered relevant conduct as defined in U.S.S.G. § 1B1.3.

2. Within the meaning of U.S.S.G. § 3B1.3, SANTIAMO abused a position of public or private trust, and used a special skill, in a manner that significantly facilitated the commission or concealment of the offense.

3. As of the date of this plea agreement, SANTIAMO has clearly demonstrated acceptance of responsibility for his offense. He also has timely notified this Office of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the District Court to allocate their resources efficiently. If SANTIAMO continues to manifest his acceptance of responsibility through sentencing, this Office will support the maximum reduction for which he is eligible under U.S.S.G. § 3E1.1.

4. SANTIAMO may be eligible for the relief set forth in 18 U.S.C. § 3553(f) and in U.S.S.G. § 5C1.2.

    a. Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), SANTIAMO did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

    b. Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

    c. As of the date of this plea agreement, within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), SANTIAMO was not an organizer, leader, manager or supervisor and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

    d. Whether SANTIAMO satisfies 18 U.S.C. § 3553(e)(1) and (5) and U.S.S.G. § 5C1.2(a)(1) and (5) has not yet been determined. Furthermore, even if SANTIAMO satisfies 18 U.S.C. § 3553(e)(1), he might not

satisfy U.S.S.G. § 5C1.2(a)(1). That is because the United States Sentencing Commission has not yet conformed U.S.S.G. § 5C1.2(a)(1) to 18 U.S.C. § 3553(e)(1).

e. Accordingly, if the District Court determines at sentencing that SANTIAMO satisfies 18 U.S.C § 3553(f)(1)–(5) and U.S.S.G § 5C1.2(a)(2)–(5) but not U.S.S.G. § 5C1.2(a)(1), this Office will move for a two-level downward variance pursuant to 18 U.S.C. § 3553(a). Doing so would give SANTIAMO the benefit now of any later conforming amendment to U.S.S.G. § 5C1.2(a)(1). If this Office so moves, SANTIAMO shall not seek a reduced sentence pursuant to 18 U.S.C. § 3582(c) if, after SANTIAMO is sentenced in this case, the Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to conform it to 18 U.S.C. § 3553(f)(1) and makes that amendment retroactive.

Rule 11(c)(1)(C)

5. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of between 57 and 71 months' imprisonment (the "Stipulated Sentencing Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). The parties further agree that neither party will argue for a sentence above or below the Stipulated Sentencing Range. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea, and the parties will be returned to the status prior to entry of the plea.

6. If the sentencing court sentences SANTIAMO to a sentence within the Stipulated Sentencing Range, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.